IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL ACTION NO. 5:24-CV-00204-KDB-DCK

| | |
|---|---|
| DANA R. BLALOCK AND JOY K. BLALOCK, <br><br> Plaintiffs, <br><br> v. <br><br> VETERANS UNITED HOME LOANS AND MR COOPER GROUP, <br><br> Defendants. | **ORDER** |

**THIS MATTER** is before the Court on Defendants Motion to Dismiss (Doc. No. 6) and Plaintiffs' Motion to Strike that motion (Doc. No. 8). The Court has carefully considered this motion and the parties' briefs in support and in opposition to the motion. As succinctly summarized by Defendants, "Plaintiffs allege that they obtained a home loan to purchase [their property] and now believe they don't have to pay back the debt using actual money." Therefore, as explained in detail in Defendants' memoranda (Doc. Nos. 6-1, 14) and summarized briefly below, this is a frivolous action in which Plaintiffs assert claims that have no merit and have been routinely rejected by numerous courts. Therefore, the Court will **GRANT** the motion and dismiss Plaintiffs' claims with prejudice.

## I.   LEGAL STANDARD

Under Federal Rule of Civil Procedure 8(a)(2), a Complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

1

However, "Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 n.3 (2007).

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim upon which relief can be granted" tests whether the complaint is legally and factually sufficient. *See* Fed. R. Civ. P. 12(b)(6); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic Corp.*, 550 U.S. at 570; *Coleman v. Maryland Court of Appeals*, 626 F.3d 187, 190 (4th Cir. 2010), aff'd sub nom. *Coleman v. Court of Appeals of Maryland*, 566 U.S. 30 (2012). In evaluating whether a claim is stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, ... bare assertions devoid of further factual enhancement[,] ... unwarranted inferences, unreasonable conclusions, or arguments." *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009). Construing the facts in this manner, a complaint must only contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* (internal quotations omitted). Thus, a motion to dismiss under Rule 12(b)(6) determines only whether a claim is stated; "it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of North Carolina v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992).

## II. DISCUSSION

On or about June 5, 2020, Plaintiffs executed a promissory note to Mortgage Research Center, LLC d/b/a Veterans United Home Loans in the principal amount of $249,000.00 (the "Note") to purchase the real property located at 236 Links Drive, Statesville, NC 28677 (the "Property"). The Note was secured by a Deed of Trust ("Deed of Trust", and collectively with the Note, the "Loan"). On December 23, 2023, Plaintiffs mailed Defendants a purported

"NOTICE OF TENDER FOR SET-OFF" in which they signed a "Commercial Instrument (coupon)" and indicated it was "Accepted for Value and returned for settlement." Plaintiffs went on to explain in the letter that "this instrument, once accepted for value, is a lawful specie of payment under the Uniform Commercial Code in section 3-104 which can be used to credit / off-set the balance of the above account." Doc. No. 6-4. Plaintiffs then demanded that with their "payment," the lender should "confirm my account balance is now zero." *Id*.

When their lender unsurprisingly did not agree to reduce their loan balance based on this so-called "tender," Plaintiffs filed this lawsuit, alleging that they submitted "Bills of Exchange" to discharge their debt and that Defendants "dishonored all attempts at discharge using this specie of payment." Doc. No. 1. Further, they claim that the Federal Reserve Notes which were the consideration for the Loan are promissory notes and instruments of debt which "have been backed by nothing and cannot be redeemed for anything of value." *Id*. Plaintiffs purport to explain that these Federal Reserve Notes are "simply a manifestation by a debt-ridden government to enslave it's people." *Id.* Based on these allegations, the *pro se* Plaintiffs request that the Court fully: (i) discharge the alleged loan; (ii) release of interest and liens on the Property; and (iii) refund "each individual extraneous payment made on the account using Federal Reserve Notes." *Id.* Finally, Plaintiffs ironically request that this Court award Plaintiffs damages in the amount of $50,000, payable in "gold or silver bullion" (that is, in valuable metals not in a "tender" payment). *Id.*

As noted at the outset, Plaintiffs' claims are meritless and fantastical. The alleged grounds on which Plaintiffs base their efforts to avoid paying their mortgage loan are often referred to as the "vapor money" theory. The theory posits that "banks deal in 'unlawful money' or 'vapor money' and their loans are mere credit that need not be repaid." *Ervin v. Bank of America,* No.

3

3:13-cv-337-RJC-DSC, 2013 WL 6244177, at *2 n.1 (W.D.N.C. Dec. 3, 2013). "The 'vapor money' theory states that any debt based upon a loan of credit rather than legal tender is unenforceable." *Evans v. Beneficial Financial I, Inc.,* No. DKC 14-1994, 2015 WL 535718, at * 5 (D. Md. Feb. 9, 2015) (cleaned up). "[P]ursuant to the vapor money theory, a loan imposes no repayment obligation on the recipient if the indebtedness was funded with credit as opposed to hard currency." *Price v. Lakeview Loan Servicing, LLC,* No. 2:19-cv-655, 2021 WL 1610097, at *4 (M.D. Fla. Apr. 26, 2021), *aff'd per curiam,* No. 21-11806, 2022 WL 896816 (11th Cir. Mar. 28, 2022).

However, "[c]laims based on 'vapor money' theory have been consistently rejected by federal courts as frivolous and insufficient to withstand a motion to dismiss." *Evans,* 2015 WL 535718, at * 5 (cleaned up) (collecting cases); *see also Eastern Savings Bank, FSB v. Springer*, No. 11-CV-4431, 2015 WL 13735520, at *8 (E.D.N.Y. Jan. 30, 2015) (noting that, "[t]hese theories have been universally and emphatically rejected by numerous federal courts for at least the last 25 years" (cleaned up)). The Court again joins this chorus of disapproval for Plaintiffs' discredited theories and will dismiss their claims with prejudice as requested by Defendants. *See Aalaam v. Movement Mortg., LLC*, No. 5:24-CV-00127-KDB-DCK, 2024 WL 3894064, at *2 (W.D.N.C. Aug. 21, 2024).

Finally, Plaintiffs inform the Court that they have served in law enforcement, the military and as a schoolteacher. The Court acknowledges their service and regrets that they have erroneously been led to believe their claims have some validity; however, the Court respectfully hopes that they return to more productive pursuits than litigation that wastes the Parties' time and money and the Court's resources.

4

Case 5:24-cv-00204-KDB-DCK   Document 16   Filed 12/05/24   Page 4 of 5

### III. ORDER

**NOW THEREFORE IT IS ORDERED THAT:**

1. Defendants' Motion to Dismiss (Doc. No. 6) is **GRANTED;**

2. Plaintiffs' Motion to Strike (Doc. No. 8) is **DENIED**;

3. Plaintiff's claims are dismissed with prejudice; and

4. The Clerk is directed to close this matter in accordance with this Order.

**SO ORDERED ADJUDGED AND DECREED**.

Signed: December 5, 2024

Kenneth D. Bell
United States District Judge